Judge Marshall
delivered the Opinion of the Court.
This bill was filed by Robbins, for the foreclosure and sale of a slave mortgaged to him by Clark, for the security of certain sums due from him to the complainant; who, after the forfeiture of the condition, had the control of the slave, and was hiring him out and receiving . ° . , - . ° the hire towards the discharge oí his debt at the himg ed the bill, and during the progress of the suit.
In October, 1835, the commissioner appointed to state the account between the parties, reported a balance in favor of the complainant of one hundred and forty seven dollars forty two cents. In October, 1836, a decree was rendered in favor of the complainant for that sum, with interest from the 19th day of October, 1835, to which time the accounts had been brought up by the commissioner’s report; and day was given to the defendant until the next April term, to pay that amount and the costs. At the April term, 1837, a decree was rendered, ordering a sale of the slave, on a credit, for the payment of the surtí of one hundred and forty seven dollars forty two cents, with interest from the 19th of « , i n it . . October, 1835, and all costs; and the commissioner was directed to report and bring in the bond to be taken for r 0 r the purchase-money, by the first day oi the next term, and in the meantime, to examine as to the accruing hire, since the 19th of October, 1835, and report the same at the next term.
The several sums of hire are to be applied as they be come due, to the payment of the mortgage debt— the interest first. Mortgagee who ‘is permitted to hire out the slave mortgaged,at his discretion, must account for the full amount ofthe hire/orifhejhires to such as are not able to pay the hire,7te mustióse it.
Mortgagee in pos session, is allow ed no compensa tion for his trouble or care in managing the mortgaged property.
omittmg to ', 1835, This decree is palpably erroneous in charge against the balance found due in October the accruing hire from that time to the day of sale, or at least to the -time of rendering the decree for the sale. It seems to have been intended to make this charge, and adjust the balance between the parties at the succeeding term.' But before that time the decree was to operate the great mischief of causing a sale of the defendant’s slave, when there might be, as in fact there seems to have been, nothing due on the mortgage. For this error, if there were no other, the decree must be reversed; but it is necessary, in remanding the cause, to notice several questions relating to the manner in which the account between the parties is made up, and materially affecting the balance.
First. As it seems to have been agreed that the mortgagee should hire out the slave and receive the hire, and as he seems to have done this in good faith, though not on the most advantageous terms, and as he has given an account on oath, before the commissioner, of the several hirings up to the 19th of October, 1835, the truth of which is uncontroverted in the pleadings or evidence — ■ we are of opinion that he should be charged only with that amount, to be credited on the debt due to him at the several periods at winch the hire was payable to him, so as to extinguish interest first, and then to be applied to the principal.
Second. As he undertook the hiring for his own benefit, and had it exclusively in his power to secure the payment of the hire, he is entitled to n©> credit for the alleged insolvency of the estate of Cloudas, to whom he hired the slave for a few months. If he had been entitled to a credit for the amount of the hire in that case, it was certainly erroneous to permit him to keep the note by which it was secured.
Third. As mortgagee in possession, he was not, according to the general rule on the subject, entitled to charge for his trouble &c. in the management of the property; and no special circumstance is shown in this case to make it an exception. It was not necessary for him to hire out the slave for short periods of four or five *351 months at a time. And if it had been, he has not shown that he could not have done it without expense. The allowance of fifty dollars for the expense of hiring a single slave from July, 1831, until October, 1835, is fiagrantly excessive, and shows the propriety of the generalrule which forbids such allowances altogether.— This charge seems to have been made and allowed for the expense or trouble of hiring the slave in an adjoining county, several times in each year, at the rate of two dollars for each hiring. But as it does not appear that any such expense was actually incurred, much ess that it was actually necessary; and as it seems that, if it was at all necessary to go out of the county, the save might have been hired much more advantageously in some other of the adjoining counties — we think this allowance should have been rejected entirely.
Upon making up the account according to these principles, and charging a reasonable hire for the period not included in the commissioner’s report, the balance will probably be found to have been in favor of the mortgagor, at the time of the rendition of the decree; or, at 'least, so much reduced, that, the slave being on hire for its payment, a sale would scarcely have been deemed necessary.
For the errors which have been noticed, the decree is reversed, and the cause remanded, with instructions to cause an account to be stated between the parties on the principles settled in this opinion; and if the slave has been sold under the decree, and any portion of the proceeds paid to the complainant, to include such portion in the account as a charge against him, and to decree in favor of either party in whose favor a balance may appear.